**BARHORST, Plaintiff-Appellant, v. THATCHER, Treas., Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County

No. 5483. Decided October 17, 1956.

Victor F. Schmidt, Columbus, for plaintiff-appellant.

Samuel Devine, Pros. Atty., George R. Wolfe, Asst. Pros. Atty., Columbus, for defendant-appellee.

## OPINION

By HORNBECK, J.

This is an appeal from a judgment of the Common Pleas Court dismissing plaintiff's petition.

Plaintiff sought to enjoin defendant from collecting an assessment against his property made by reason of an order of the County Commissioners of Franklin County, Ohio, for the construction of a water main on Markison Avenue, on which street the property of plaintiff is located. Plaintiff grounded his claim for relief in his petition upon the proposition that the assessment against his property is illegal in that he received no benefit from the so-called improvement, that the assessment is double taxation because he had already been charged for connecting his own water line and is prejudiced by reason of the double taxation and that the amount of the assessment is in excess of the one-third the value of the premises upon which it was assessed. This last claim is not urged by the appellant in this court.

Appellant, apparently by motion for judgment, expanded his claims as to the invalidity of the assessment against his property by asserting that the proceedings by which the assessment on his property was accomplished were contrary to the laws of the State of Ohio and the Fourteenth Amendment to the Constitution of the United States. That the Board failed to obtain jurisdiction to make the improvement upon which the assessment was levied in that in its resolution finding that the improvement was "for the purpose of preserving and promoting the public health and welfare and providing fire protection," it acted without any factual evidence or support which act was contrary to the Fourteenth Amendment to the Federal Constitution. There were two other grounds upon which appellant relies, but they are substantially the same as immediately heretofore stated.

The defendant-appellee in his amended answer asserted that the assessment was levied according to the statutes governing County Water Supply Systems as set forth in **Chapter 6103 R. C.**, and admitted that plaintiff had obtained a water permit to install a water main to his property from the Department of Sanitary Engineer of Franklin County, of date of April 10, 1945; that such permit was for a temporary line and was granted after request and waiver in writing by plaintiff and another, under date of March 28, 1945, which waiver in so far as pertinent, is as follows:

"Your permission is hereby asked for the construction of a 2 inch water service connection with the water main of **Franklin County** at **S. E. Post Lockbourne & Markison across Lockbourne Rd.** thence extending **North 25′ to Markison** (along the West side of **Lockbourne then West on Markison**) across _____ a distance of about **150** feet to the property of the undersigned.

"Said service pipe is hereby agreed to be a temporary pipe line for the purpose of supplying water to the property now owned by the undersigned, and **We** hereby agree for **ourselves, our** heirs, successors and assigns, that no claim shall be made for exemption for the property supplied by said temporary pipe line from any future assessment that may be levied on account of the construction, maintenance or operation of any public water main or pipe for which said property would be liable if said temporary pipe line had not been constructed and that **We** will not oppose or object to the construction at any future date of a permanent main in **Markison** or elsewhere adjacent to the property."

There is no claim that the provisions of the Code are unconstitutional under which the proceedings were had by which the assessment was levied against the property of plaintiff, but that the Board did not have before it at the time of the original resolution or at any time in subsequent resolutions any factual basis for the determination that the proposed improvement was for the "purpose of preserving and promoting the public health and welfare and providing fire protection," as provided by §6602-17 **GC**, now §6103.02 **R. C.**

If this question could properly be raised by the appellant, we are satisfied that the Commissioners had sufficient information or could

take judicial notice of facts upon which the essentials to jurisdiction could have been determined. Although the description of the improvement requested by the petitioners does not appear in the record, it is manifest that it was before the Commissioners. This Board had general knowledge of the sewer district in which the proposed improvement was to be effected. It also had knowledge or could take judicial notice, as the Board with authority to grant the relief requested, that no other like improvement was then available to the petitioners. Although it did not at the time of the initial resolution have before it, the detailed plans and specifications thereafter prepared by the Sanitary Engineer, it later had them and also the approval of such plans and specifications by the Board of Health of the State of Ohio. These facts and inferences to be drawn from them were sufficient to support the determination of the requisites to proceed with the assessment.

Notices were sent to property owners affected by the proposed improvement and full opportunity given to objectors, in writing, three in number, to be heard. Two individuals, one of whom was the plaintiff, objected orally to the improvement and the Board found that they had signed waivers at the time they were permitted to install private lines and refused to consider their objections.

In our opinion, the appellant did not prove that the County Commissioners did not or may not have given consideration to facts upon which that Board could predicate its finding that the proposed improvement was necessary for the purpose of promoting public health and welfare and providing fire protection. Appellant, to establish his contention in this regard offered the testimony of Desso T. Mitchell, County Sanitary Engineer, who had a duplicate copy of the records of the County Commissioners relative to the proposed improvement. After setting out the original petition, the various resolutions respecting the improvement, at page 18 of the record this question was propounded and answer made:

"Q. Aside from the approval of the plans, is there anything that was passed upon by the Board of County Commissioners relative to the promotion of the public health?

"A. Not to my knowledge, there is nothing in here."

And, at page 29:

"Q. (By Mr. Schmidt) One more question, Mr. Mitchell, do you have— is there anything in the record there in addition to what you have read to us of any fact or basis in fact bearing on the promotion of the preserving and promoting of the public health?

"A. I know of nothing, no, sir.

"Q. Is there anything in the record that you have there or the record bearing in addition to what you have read into the record on the public welfare?

"A. Nothing that I know of.

"Q. Is there anything in the record which you have in addition to what you have brought to the attention of the Court bearing on the matter of providing fire protection?

"A. Nothing that I know of."

The Sanitary Engineer is not the officer authorized by law to keep the records of the Board of County Commissioners, although it is manifest that he did have copies of the resolutions incident to the improvement in question. However, it is manifest that his testimony is but a conclusion respecting the ultimate issue, namely, whether or not the Board of County Commissioners had at any time before it any fact upon which it could base the essential jurisdictional determination.

The original petition in this matter was filed with the County Commissioners on March 15, 1950. The first resolution of the Commissioners was of date June 5, 1951. At that time the resolution recited that general plans for the water and the sewer district, Marion No. 1, had been approved by the Board and then there is the finding that it is the opinion of the Board that it is necessary for the purpose of promoting public health and welfare to construct certain water mains in said sewer district, Marion No. 1.

The Board had more than a year within which to give consideration to this petition for the improvement. Manifestly, the best evidence upon the determinative issue whether or not it had given any consideration to facts relating to the question whether or not the improvement would be for the purpose of promoting public health and welfare and fire protection should have come from the members of the Board themselves. After this first resolution, two other resolutions were passed, covering the period of time up to October 16, 1951, and there is nothing in the record respecting the determinative question but the formal resolutions of the Board. Thus, in addition to the facts which we have heretofore indicated, which the Board could consider upon the questions essential to the jurisdiction, is the possibility, not removed by the evidence, that the Board may have considered other factual developments.

We hereinafter discuss the effect of the waiver which had been signed by appellant at the time he was given permit to install a private water line on his property. It is our opinion that if there was any failure on the part of the Commissioners to require proof on the public health and welfare aspect of the improvement, it was not of sufficient consequence to render their action void, because they had some basis, at least, for the determination which they made. That being true, any objection to this jurisdictional finding should have been made by an appeal or in some other way provided by statute.

In the consideration of what is meant by the public in proceedings wherein it is sought to levy special assessments against property owners, we refer to the language of Judge Robinson in **State, ex rel. Shafer, et al., v. Otter, County Surveyor, 106 Oh St 432:**

"If the word 'public' in connection with public use, public health and public welfare is to be given the interpretation of meaning all the people of a particular political subdivision, there are but few of the public improvements authorized by statutes that are not prohibited by **Section 19, Art. I,** for such improvements in a great majority of instances are of little concern to the majority of the public, as defined by that standard, but are of vital interest to a neighborhood, a portion of the public, less than a political subdivision."

"It has been the policy of this state and the policy of this court, especially in the matter of public ditches, public drainage and public water courses, to treat the word 'public' in that section of the Constitution as meaning that portion of the public affected by such improvement."

That brings us to a consideration of the waiver heretofore quoted although in view of the fact that we have held that the Commissioners had support for their jurisdictional finding, it is not dispositive of this appeal.

It is said in 92 C. J. S. 1066, that waiver covers every conceivable right; that it is a general rule that a person may waive any matter which affects his property. Appellant urges that the waiver did not preclude his action to enjoin the payment of the assessment against his property because he agreed only that "no claim should be made for exemption for the temporary pipeline for any future assessment that may be levied if said property would be liable if said temporary pipeline had not been constructed." That is to say, unless a valid assessment is levied against plaintiff's property, his waiver would not bind him. Plaintiff's contention as to the effect of this waiver thus far is sound. But the waiver continues:

"and that he will not oppose or object to the construction at any future date of a permanent main in Markison or elsewhere adjacent to the property."

This language precluded the action which was thereafter taken by plaintiff in the proceedings before the County Commissioners and which was essential to the protection of his right of appeal. Sec. 6602-3B, GC, now §6117.09 R. C. Plaintiff had two other possible remedies, a suit on the equity side of the court or at law, §12075 GC, now §2723.01 R. C., by which he could upon proper showing enjoin an illegal levy or collection of the assessment in the Court of Common Pleas. It was essential to a suit in equity that it appear that he had no adequate remedy at law. Although the action under §2723.01 R. C. is legal, it has been held that the remedy is equitable in character and to be granted on equitable principles. Steese v. Oviatt, 24 Oh St 248; McBride v. University Club, 112 Oh St 69; Stephan v. Daniels, 27 Oh St 527. Any action that plaintiff might institute would be based upon an objection to the proceedings resulting in the construction of the main requested by the petitioners and prevented by his waiver.

The case of State, ex rel. Bowman v. Board of Commissioners, Allen County et al, 124 Oh St 174, although not strictly in point, is helpful because it held that the plaintiff in that action could not maintain his case in the absence of a showing of the unconstitutionality of the legislation under which the proceedings were had,—to install a sewer improvement. Two propositions in the syllabus of this case are pertinent:

2. "Systems for water supply and storm and sanitary sewers, to be established in thickly populated districts outside of municipalities, have a real and substantial relation to the public health and the public welfare."

4. "Such legislation is not rendered invalid by reposing in County Commissioners a discretion in determining whether conditions in a given locality will justify the improvement."

The Federal cases cited by the appellant are not controlling of his rights as to the improvement sought to be enjoined.

We therefore hold no assignment of error to be well made and that the trial judge was correct in dismissing plaintiff's petition.

The judgment will be affirmed.

MILLER, PJ, WISEMAN, J, concur.

No. 5483.    Decided December 3, 1956.

**OPINION**

By THE COURT.

An application for rehearing has been filed directed to our opinion of October 17, 1956, and entry journalizing it of October 25, 1956. The application is filed as of November 13, 1956.

Our rules now make no provision for an application for rehearing. Under the rule formerly applicable such applications were required to be filed within ten days after the opinion. So that, under the present rule or prior rule, the application is not in order.

Finally, upon the merits of the application, we see no sufficient basis to justify its allowance.    Application will be denied.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.